■ In the Matter of KEVIN J. and Others, Children Alleged to be Neglected.—Order insofar as appealed from unanimously reversed on the facts without costs, petition granted and matter remitted to Monroe County Family Court for a dispositional hearing, in accordance with the following memorandum: Family Court found that respondent had neglected two of her three children. Upon our review of the facts (see, CPLR 5501 [c]), we find that respondent also neglected the third child, Paige. On six occasions in November and December 1988, and January 1989, a caseworker for the Monroe

County Department of Social Services visited respondent's home and found the home unkempt. Filthy clothes, garbage, broken furniture, and stale food were all over the house and there was no refrigerator. Respondent admitted that she had enrolled her older children, ages six and eight, in school, but had kept them home to help her take care of Paige, who was six months old. She said that she was unable to care for Paige alone because she had been sick. Whenever the caseworker visited the home, Paige was being taken care of by Kevin, the eight year old.

On November 18, 1988, at 12:10 A.M., the police were informed that respondent had left the children alone and, when a police officer arrived at the home, he waited until 12:46 A.M. before respondent returned. The children did not know where their mother had gone. Respondent told the officer that she went to the store to get food but we find that her explanation was false because she had no food with her when she returned. In any event, that would not excuse leaving children of that age alone at that hour.

On December 11, 1988, a family crisis counselor for the police department arrived at respondent's home in response to a call and found respondent in bed. Respondent was incoherent and there was drug paraphernalia on the table next to her bed. Respondent admitted that she used cocaine, and occasionally used it in the presence of her children. The fact that respondent used cocaine was corroborated by the testimony of the police officer, who saw drug paraphernalia used for freebasing cocaine in respondent's bedroom.

Respondent had not taken Paige to see a physician since she had been born and had not taken her for immunization shots, usually given to infants at two and four months of age.

Respondent was receiving public assistance and had the means to provide Paige with adequate food and sanitary shelter. On the occasions that the caseworker and the family crisis counselor went to respondent's home, there was no food in the house and one child told the counselor that he had not eaten since the previous day.

From all of the evidence, we conclude that the physical condition of the child Paige is in imminent danger of being impaired as the result of respondent's failure to exercise a minimum degree of care (A) in supplying the child with adequate food, shelter, and medical care, though offered financial or other means to do so, and (B) in providing the child with proper supervision (Family Ct Act § 1012 [f] [i]). (Appeal

from order of Monroe County Family Court, Kohout, J.— neglect.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.