■ In the Matter of DeAndre S. Administration for Children's Services, Respondent; Cleon W., Appellant. Latoya F.S., Nonparty Respondent. [939 NYS2d 499]—

Pursuant to Family Court Act § 1028, an application for return of a child "shall" be granted unless the court finds that "the return presents an imminent risk to the child's life or health" (Family Ct Act § 1028 [a]). In order to justify a finding of imminent risk to life or health for removal of a child, an agency need not prove that the child has suffered actual injury. Rather, a court engages in a fact-intensive inquiry to determine whether the child's physical or emotional health is at risk (*see Matter of Martha A. [Diana C.]*, 75 AD3d 476, 477 [2010], citing *Nicholson v Scoppetta*, 3 NY3d 357 [2004]). In reaching its determination, the "court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal; [i]t must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (*Nicholson v Scoppetta*, 3 NY3d at 378).

The record provides a sound and substantial basis for the Family Court's decision to deny the father's application for the return of the child to his custody pursuant to Family Ct Act § 1028, and to continue the temporary release of the child to the custody of the mother (*see* Family Ct Act §§ 1028, 1046). Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.