■ In the Matter of ALEX A.E. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; ADEL E., Appellant. [960 NYS2d 147]—

In a child abuse proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Kings County (Gruebel, J.), dated June 5, 2012, which, after a hearing, denied his application for the return of the subject child to his custody pursuant to Family Court Act § 1028.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to Family Court Act § 1028, an application for return of a child "shall" be granted unless the court finds that "the return presents an imminent risk to the child's life or health" (Family Ct Act § 1028 [a]). In reaching its determination, the "court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (*Nicholson v Scoppetta*, 3 NY3d 357, 378 [2004]). The court "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (*id.*). Here, the record provides a sound and substantial basis for the Family Court's denial of the father's application for the return of the subject child to his custody pursuant to Family Court Act § 1028 (*see Matter of DeAndre S. [Cleon W.]*, 92 AD3d 888 [2012]).

The father's contention that the Family Court erred in conducting an in-camera hearing with the child is unpreserved for appellate review (*see generally Matter of Kimberly Z. [Jason Z.]*, 88 AD3d 1181, 1184 [2011]; *Matter of Kleevuort C. [Fredlyn V.]*, 84 AD3d 1371 [2011]; *Matter of Metcalf v Odums*, 35 AD3d 865, 866 [2006]; *Matter of Vanessa F.*, 9 AD3d 464 [2004]).

The father's remaining contentions are without merit. Rivera, J.P., Hall, Roman and Miller, JJ., concur.