■ In the Matter of BABY BOY D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ADANNA C., Appellant, et al. Respondent. [9 NYS3d 73]—

Appeal from (1) an order of the Family Court, Queens County (Barbara Salinitro, J.), dated May 19, 2014, and (2) a temporary order of protection of that court, also dated May 19, 2014. The order, insofar as appealed from, after a hearing pursuant to Family Court Act § 1027, temporarily removed the subject child from the mother's custody and placed him in the custody of the Administration for Children's Services, pending the outcome of the proceeding. The temporary order of protection, inter alia, directed the mother to refrain from assaulting the subject child or using any form of physical discipline against him until and including January 15, 2015.

Ordered that the appeal from the temporary order of protection is dismissed; and it is further,

Ordered that order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the petition to remove the subject child from the mother's custody is denied, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

The appeal from the temporary order of protection must be dismissed, as it has expired by its own terms, and imposes no enduring consequences on the appellant (*cf. Matter of Veronica P. v Radcliff A.*, 24 NY3d 668 [2015]).

In 2011, following a serious injury to one of the parents' children, all three of their children were removed from the parents' custody, and remanded to the custody of the New York City Administration for Children's Services (hereinafter ACS). After a fact-finding hearing, the Family Court determined that the parents abused the injured child, and that the other two children were thereby derivatively abused. The mother and the father were ordered to complete individual counseling, and required to have all visitation with the children supervised. The court further issued orders of protection against both

parents and provided for supervised visitation. There is no dispute that the mother successfully completed counseling and was discharged by her therapist, that she has consistently visited the children, and that she completed a parenting course. The father, however, failed to complete the services required, and a subsequent order of protection was issued against him, prohibiting any contact between him and the children.

In 2014, the mother gave birth to the subject child, and ACS filed a petition alleging derivative abuse based on the earlier injury to the subject child's sibling. In the order appealed from, after a hearing pursuant to Family Court Act § 1027, the Family Court determined that release of the subject child to the mother's custody would place him at imminent risk of harm, and remanded him to the custody of ACS, pending the outcome of the derivative abuse proceeding. We reverse the order insofar as appealed from.

In determining a removal application pursuant to Family Court Act § 1027, the court "must engage in a balancing test of the imminent risk with the best interests of the child and, where appropriate, the reasonable efforts made to avoid removal or continuing removal" (*Nicholson v Scoppetta*, 3 NY3d 357, 380 [2004]). "Imminent danger, however, must be near or impending, not merely possible" (*Nicholson v Scoppetta*, 3 NY3d at 369). Here, the Family Court's determination that remand of the subject child to his mother's custody would place him at imminent risk of harm is based upon nothing more than speculation that the mother would not enforce the order of protection as against the father. The mother testified during the Family Court Act § 1027 hearing that she lived apart from the father and that she would enforce the order of protection. In addition, ACS admitted that its caseworkers had visited the mother on two occasions at the shelter where she resides, confirming with the shelter's caseworkers that the mother resides alone. The record further establishes that the mother successfully completed one course of therapy, and her therapist opined that the three children removed in the prior proceeding should have been returned to her. Furthermore, ACS concedes that the mother has consistently attended supervised visitation with the children. In addition, the supervised visitation coordinator opined that the mother fully engages each of the children during visits, despite their different ages and problems, that she is attentive and loving, consistently bringing food, despite her limited resources. The supervised visitation coordinator further noted that the mother manages to nurse the subject child while managing to engage the other

children. On this record, the Family Court should have developed a plan whereby the subject child could have been released to his mother's custody, under the supervision of ACS (*see e.g. Matter of Jesse J.*, 64 AD3d 598 [2009]).

In light of our determination, the mother's remaining contention has been rendered academic. Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.