■ In the Matter of RYLIEGH B. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MADELAN B., Respondent. [34 NYS3d 597]—

Appeal from an order of the Family Court, Kings County (Jacqueline B. Deane, J.), dated December 23, 2015. The order, after a hearing, granted the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody.

Ordered that the order is affirmed, without costs or disbursements.

On December 2, 2015, the petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging that the mother neglected the subject child by inflicting excessive corporal punishment on the child. The following day, the Family Court issued an order temporarily placing the child in the custody of the petitioner. The mother thereafter made an application pursuant to Family Court Act § 1028 for the return of the child to her custody. After a hearing, the court granted the application. The petitioner appeals.

An application pursuant to Family Court Act § 1028 for the return of a child who has been temporarily removed "shall" be granted unless the court finds that "the return presents an imminent risk to the child's life or health" (Family Ct Act § 1028 [a]). In making its determination, the Family Court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (*Nicholson v Scoppetta*, 3 NY3d 357, 378 [2004]). The court "must balance that risk against the harm removal might bring, and it must determine factually which course is in the

child's best interests" (*id.* at 378). "In reviewing a Family Court's determination of an application pursuant to Family Court Act § 1028 (a) for the return of a child who has been temporarily removed, this Court must determine whether a sound and substantial basis in the record supports the Family Court's determination" (*Matter of Julissia B. [Navasia J.]*, 128 AD3d 690, 691 [2015]; *see Matter of Alex A.E. [Adel E.]*, 103 AD3d 721, 722 [2013]; *Matter of Alan C. [Thomas C.]*, 85 AD3d 912, 914 [2011]).

Upon reviewing the record here, there was a sound and substantial basis for the Family Court's determination granting the mother's application, since there was insufficient evidence to establish that the child would be subjected to imminent risk if returned to the mother during the pendency of the proceedings (*see Matter of Jesse J.*, 64 AD3d 598, 599-600 [2009]). Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.