■ In the Matter of DAVID L.S. III. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CAPRICE L.T., Appellant. [42 NYS3d 827]—

Appeal by the mother from an order of the Family Court, Kings County (Alan Beckoff, J.), dated December 3, 2015. The order, after a hearing pursuant to Family Court Act § 1028, denied the mother's motion to return the subject child to her custody.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced this neglect proceeding pursuant to Family Court Act article 10 against the mother in June 2015. In October 2015, the subject child was removed from the mother's custody. The mother then moved to have the child returned to her custody. After a hearing, the Family Court denied the mother's motion. The mother appeals.

The Family Court must grant an application pursuant to Family Court Act § 1028 for the return of a child who has been temporarily removed "unless it finds that the return presents an imminent risk to the child's life or health" (Family Ct Act § 1028 [a]; see Matter of Ryliegh B. [Madelan B.], 141 AD3d 579, 579 [2016]; Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691 [2015]; Matter of Alex A.E. [Adel E.], 103 AD3d 721, 722 [2013]; Matter of DeAndre S. [Cleon W.], 92 AD3d 888 [2012]). In making its determination, the Family Court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal[,] . . . balance that risk against the harm removal might bring, and . . . determine factually which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d 357, 378 [2004]; see Matter of Ryliegh B. [Madelan B.], 141 AD3d at 579; Matter of Julissia B. [Navasia J.], 128 AD3d at 691; Matter of Alex A.E. [Adel E.], 103 AD3d at 722; Matter of DeAndre S. [Cleon W.], 92 AD3d at 888).

Here, the record provides a sound and substantial basis for the Family Court's determination to deny the mother's application for the return of the subject child to her custody pursuant to Family Court Act § 1028 (see Matter of Alex A.E. [Adel E.], 103 AD3d at 722; Matter of DeAndre S. [Cleon W.], 92 AD3d at 888). Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.