■ In the Matter of HANNAH T.R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SOYA R., Appellant. [42 NYS3d 850]—

Appeals by the mother from (1) an order of the Family Court, Kings County (Daniel Turbow, J.), dated January 20, 2015, and (2) a temporary order of protection of that court dated March 16, 2015. The order, after a hearing pursuant to Family Court Act § 1028, denied the mother's motion to return the subject child to her custody. The temporary order of protection directed the mother, inter alia, to stay away from the subject child until August 4, 2015.

Ordered that the order is affirmed, without costs or disbursements, and it is further,

Ordered that the appeal from the temporary order of protection is dismissed, without costs or disbursements.

The Family Court must grant a motion pursuant to Family Court Act § 1028 for the return of a child who has been temporarily removed "unless it finds that the return presents an imminent risk to the child's life or health" (Family Ct Act § 1028 [a]; *see Matter of Ryliegh B. [Madelan B.]*, 141 AD3d 579, 579 [2016]; *Matter of Julissia B. [Navasia J.]*, 128 AD3d 690, 691 [2015]; *Matter of Alex A.E. [Adel E.]*, 103 AD3d 721, 722 [2013]; *Matter of DeAndre S. [Cleon W.]*, 92 AD3d 888 [2012]). In making its determination, the Family Court must weigh whether the imminent risk to the child can be mitigated

by reasonable efforts to avoid removal, balance that risk against the harm removal might bring, and determine factually which course is in the child's best interests (*see Nicholson v Scoppetta*, 3 NY3d 357, 378 [2004]; *Matter of Ryliegh B. [Madelan B.]*, 141 AD3d at 579; *Matter of Julissia B. [Navasia J.]*, 128 AD3d at 691; *Matter of Alex A.E. [Adel E.]*, 103 AD3d at 722; *Matter of DeAndre S. [Cleon W.]*, 92 AD3d at 888).

Here, the record provides a sound and substantial basis for the Family Court's determination to deny the mother's motion pursuant to Family Court Act § 1028 to return the subject child to her custody (*see Matter of Alex A.E. [Adel E.]*, 103 AD3d at 722; *Matter of DeAndre S. [Cleon W.]*, 92 AD3d at 888).

The appeal from the temporary order of protection must be dismissed as academic, as it has expired by its terms and imposes no enduring consequences on the mother (*see Matter of Kayla F. [Kevin F.]*, 130 AD3d 724, 725 [2015]; *Matter of Andrea V. [James A.]*, 128 AD3d 1077, 1078 [2015]; *Matter of Baby Boy D. [Adanna C.]*, 127 AD3d 1079, 1079 [2015]). Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.