■ In the Matter of EMMANUELA B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JEAN E.B., Appellant, et al., Respondent. [47 NYS3d 406]—

Appeals by the father from two orders of the Family Court, Kings County (Terrence J. McElrath, J.), dated October 23, 2015, and October 26, 2015, respectively. The orders, insofar as appealed from, after a hearing, granted that branch the petitioner's application pursuant to Family Court Act § 1027 which sought removal of the subject child from the father, and placed the child in the custody of the petitioner pending the outcome of the neglect proceeding.

Ordered that the orders are reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the petitioner's application pursuant to Family Court Act § 1027 which sought removal of the child from the father is denied.

The petitioner commenced this neglect proceeding pursuant to Family Court Act article 10 against the parents of the subject child, and made an application for removal pursuant to Family Court Act § 1027. After a hearing, the Family Court, in the two orders appealed from, granted the application and placed the child in the custody of the petitioner pending the outcome of the neglect proceeding. The father appeals.

Although it is undisputed that the child has been returned to the father's care, the father's appeals are not academic. The child's removal created a permanent and significant stigma (see Matter of Jesse J., 64 AD3d 598, 600 [2009]; Matter of C. Children, 249 AD2d 540 [1998]).

"In determining a removal application pursuant to Family Court Act § 1027, the court 'must engage in a balancing test of the imminent risk with the best interests of the child and, where appropriate, the reasonable efforts made to avoid removal or continuing removal' " (Matter of Baby Boy D. [Adanna C.], 127 AD3d 1079, 1080 [2015], quoting Nicholson v Scoppetta, 3 NY3d 357, 380 [2004]). Here, the petitioner failed to establish that the child would be subjected to imminent risk if she were not placed in the custody of the petitioner pending the outcome of the neglect proceeding. Under the circumstances of this case, concerns about, inter alia, the adequacy of the father's plan to care for the child did not amount to an imminent risk to the child's life or health that could not be mitigated by reasonable efforts to avoid removal.

Accordingly, that branch of the petitioner's application pursu-

ant to Family Court Act § 1027 which sought removal of the child from the father should have been denied. Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.