Rose, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered June 3, 2016, which, in a proceeding pursuant to Family Ct Act article 10, temporarily removed the subject child from respondent’s custody.
Respondent is the mother of a son (born in 2010) with special needs. In May 2016, petitioner commenced this neglect proceeding and requested to remove the child from respondent’s care based upon allegations that respondent was unable to provide adequate supervision to the child due to ongoing substance abuse issues. Following a hearing pursuant to Family Ct Act § 1027 in May 2016, Family Court denied petitioner’s request and continued placement with respondent under the conditions that she, among other things, refrain from using drugs or alcohol and remain compliant with any prescribed medications. Shortly thereafter, petitioner renewed its request to remove the child from respondent’s care, resulting in a second hearing held in June 2016. At the conclusion of that hearing, Family Court granted petitioner’s renewed request and ordered the temporary removal of the child, finding that respondent had, among other things, failed to stay compliant with her prescribed medications. Respondent now appeals.
We affirm. It is well settled that, in determining a removal application pursuant to Family Ct Act § 1027, “a court must engage in a balancing test of the imminent risk with the best interests of the child and, where appropriate, the reasonable efforts made to avoid removal or continuing removal” (Nicholson v Scoppetta, 3 NY3d 357, 380 [2004]; accord Matter of Baby Boy D. [Adanna C.], 127 AD3d 1079, 1080 [2015]; see Family Ct Act § 1027 [b] [i], [ii]; Matter of Sara A. [Ashik A.], 141 AD3d 646, 647 [2016]). Here, the proof at the June 2016 hearing established that, in the short period of time since the May 2016 hearing, the police had been called to respondent’s apartment on a number of occasions regarding concerns that respondent was impaired. On one of those occasions, a caseworker was present and observed respondent exhibiting signs of intoxication. The proof also revealed that respondent admitted that she was not taking two of her three prescription medications and, as to a third medication, a caseworker discovered that a large number of those pills were unaccounted for. This proof, when viewed in light of the conditions that Family Court put into place following the May 2016 hearing to prevent removal, demonstrate that, “if the child were to remain in the custody of [respondent], there would be imminent risk to the child’s life or health, and the risk could not be mitigated by [further] reasonable efforts to avoid removal” (Matter of Nowell *1225 M. [Katherine M.], 115 AD3d 746, 747 [2014]; see Matter of Makhi A. [Jamillah A.], 130 AD3d 813, 814 [2015]).
Contrary to respondent’s contention, Family Court could consider the evidence adduced at the May 2016 hearing when rendering its determination inasmuch as both hearings were part of the same proceeding (cf. Matter of Curley v Klausen, 110 AD3d 1156, 1160 [2013]). The parties’ remaining contentions have been considered and determined to be lacking in merit.
Peters, P.J., Lynch, Devine and Mulvey, JJ., concur.
Ordered that the order is affirmed, without costs.