■ In the Matter of ZACHARIAH W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DOMINIQUE W., Appellant. [51 NYS3d 607]—

Appeal by the mother from an order of fact-finding of the Family Court, Kings County (Michael Ambrosio, J.), dated December 8, 2015. The order, after a fact-finding hearing, found that the mother neglected the subject child.

Ordered that the order is reversed, on the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The Administration for Children's Services (hereinafter ACS) filed a child neglect petition four days after the mother gave birth to the subject child in a Brooklyn hospital. During the initial days in the hospital, the child was placed in the room with the mother, where she took appropriate care of him. However, when the hospital personnel discovered that the mother only had income from public assistance and that she and the baby would not be accepted back into the home where

the maternal grandmother was staying, they called ACS, which undertook an emergency removal of the child. It is undisputed that no ACS worker provided the mother with housing information, including emergency housing information, or provided any supplies for the child. After a fact-finding hearing, the Family Court found that the mother neglected the child.

"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (*Matter of Negus T. [Fayme B.]*, 123 AD3d 836, 836 [2014]). A neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent . . . to exercise a minimum degree of care . . . in supplying the child with adequate food, clothing, shelter or education . . . though financially able to do so or offered financial or other reasonable means to do so" (Family Ct Act § 1012 [f] [i] [A]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Milagros A.W. [John R.]*, 128 AD3d 1079, 1080 [2015]). Actual or imminent danger of impairment is a "prerequisite to a finding of neglect [which] ensures that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior" (*Nicholson v Scoppetta*, 3 NY3d at 369; *see Matter of Javan W. [Aba W.]*, 124 AD3d 1091, 1091 [2015]). "Imminent danger . . . must be near or impending, not merely possible" (*Nicholson v Scoppetta*, 3 NY3d at 369; *see* Family Ct Act § 1046 [b] [i]). Here, ACS failed to demonstrate, by a preponderance of the evidence, that the mother did not supply the child with adequate food, clothing, and shelter although financially able to do so or offered financial or other reasonable means to do so (*see* Family Ct Act § 1012 [f] [i] [A]; *cf. Matter of Christian Q.*, 32 AD3d 669 [2006]; *Matter of Tia B.*, 257 AD2d 366 [1999]; *Matter of Kevin J.*, 162 AD2d 1034 [1990]). Accordingly, the Family Court should have denied the child neglect petition and dismissed the proceeding. Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.