Matter of Julius C. (2017 NY Slip Op 07597)





Matter of Julius C.


2017 NY Slip Op 07597


Decided on November 1, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 1, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
LEONARD B. AUSTIN
ANGELA G. IANNACCI, JJ.


2017-00360
 (Docket Nos. N-20329-16, N-20330-16, V-21221-16, V-24507-16)

[*1]In the Matter of Julius C. (Anonymous). Administration for Children's Services, petitioner- respondent; Ebony W. (Anonymous), respondent- appellant; Julius C., Sr. (Anonymous), et al., nonparty- respondents. (Proceeding No. 1)
In the Matter of Zahir W. (Anonymous). Administration for Children's Services, petitioner- respondent; Ebony W. (Anonymous), respondent- appellant; Julius C., Sr. (Anonymous), et al., nonparty- respondents. (Proceeding No. 2)


Ann Marquez, New York, NY, for respondent-appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Damion K. Stodola of counsel), for petitioner-respondent.
Esther D. Kind, Fresh Meadows, NY, for nonparty-respondent Julius C., Sr. (no brief filed).
Hector L. Santiago, Kew Gardens, NY, for nonparty-respondent Richard M.
Paul B. Guttenberg, Syosset, NY, attorney for the children.



DECISION & ORDER
Appeal by the mother from an order of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated December 21, 2016. The order, insofar as appealed from, after a fact-finding hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject children during the pendency of a neglect proceeding.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The subject children were removed from the custody of the mother pending the determination of neglect proceedings commenced by petitions filed by the Administration for [*2]Children's Services. The mother then applied pursuant to Family Ct Act § 1028 for the return of the children during the pendency of the proceeding. After a hearing, the Family Court, Queens County, determined that the children's health was at risk and denied the mother's application. The mother appeals.
The evidence at the hearing included testimony regarding the children's frequent absences from school, poor hygiene, and lack of proper supervision. The evidence, therefore, established that returning the children to the mother during the pendency of the proceeding would present an imminent risk to the children's life or health (see Family Ct Act § 1028[a]; Nicholson v Scoppetta, 3 NY3d 357, 380-381; Matter of Alexi R.C. [Monica D.], 109 AD3d 819, 820; Matter of DeAndre S. [Cleon W.], 92 AD3d 888; Matter of Iouke H., 50 AD3d 904; cf. Matter of Baby Boy D. [Adanna C.], 127 AD3d 1079; Matter of Jesse J., 64 AD3d 598, 599). Accordingly, the Family Court properly denied the mother's application for the return of the children during the pendency of the proceedings (see Matter of Alexi R.C. [Monica D.], 109 AD3d at 821; Matter of Iouke H., 50 AD3d at 905).
BALKIN, J.P., LEVENTHAL, AUSTIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court