■ In the Matter of XIOMARA C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KAREN A., Appellant. (Proceeding No. 1.) In the Matter of BRYANAH C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KAREN A., Appellant. (Proceeding No. 2.) In the Matter of ASIA A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KAREN A., Appellant. (Proceeding No. 3.) In the Matter of SHARAYAH A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KAREN A., Appellant. (Proceeding No. 4.) In the Matter of ISAYAH A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KAREN A., Appellant. (Proceeding No. 5.) In the Matter of YAHIRA C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KAREN A., Appellant. (Proceeding No. 6.) In the Matter of LONDON A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KAREN A., Appellant. (Proceeding No. 7.) In the Matter of AMINAH G. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KAREN A., Appellant. (Proceeding No. 8.) [64 NYS3d 575]—

Appeal by the mother from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated April 25, 2016. The order, insofar as appealed from, after a hearing, denied that branch of the mother's application which was pursuant to Family Court Act § 1028 for the return of her children Xiomara C., Bryanah C., Isayah A., and Yahira C. to her custody.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In these related child neglect proceedings pursuant to Family Court Act article 10, the petitioner alleged that the mother failed to exercise a minimum degree of care after an incident in which one of her children was given the responsibility of escorting three of her siblings to school in Brooklyn from a shelter in the Bronx, and two of the children became lost. As relevant to this appeal, six of the children were removed from the mother's care after this incident and placed in the care of their maternal grandmother. The mother made an application pursuant to Family Court Act § 1028 to have those six children returned to her. The court denied that branch of her application which was for the return of the children Xiomara C., Bryanah C., Isayah A., and Yahira C. (hereinafter collectively the subject children). The mother appeals from so much of the order as denied that branch of her application.

The Family Court properly denied that branch of the mother's application which was for the return of the subject children. An application pursuant to Family Court Act § 1028 (a) for the return of a child who has been temporarily removed shall be granted unless the court finds that the return presents an imminent risk to the child's life or health (*see* Family Ct Act § 1028 [a]; *Matter of Audrey L. [Marina L.]*, 147 AD3d 838 [2017]; *Matter of Hannah T.R. [Soya R.]*, 145 AD3d 1012 [2016]; *Matter of David L.S. [Caprice L.T.]*, 145 AD3d 901 [2016]). There must be evidence that the harm or danger is imminent, that is, near or impending, not merely possible (*see Nicholson v Scoppetta*, 3 NY3d 357, 369 [2004]; *Matter of Zachariah W. [Dominique W.]*, 149 AD3d 853 [2017]).

In reviewing the Family Court's determination of an application pursuant to Family Court Act § 1028 (a), this Court must determine whether a sound and substantial basis in the record supports the Family Court's determination (*see Matter of Audrey L. [Marina L.]*, 147 AD3d at 839). Here, the Family Court's determination denying that branch of the mother's application which was for the return of the subject children had a sound and substantial basis in the record, as there was evidence that a return of those children to the mother would present an imminent risk to their lives or health. The court's determination as to the mother's credibility should not be disturbed, as it is supported by the record (*see Matter of Zephyr D. [Luke K.]*, 148 AD3d 1013 [2017]; *Matter of Iris G. [Angel G.]*, 144 AD3d 908 [2016]). Hall, J.P., Hinds-Radix, Maltese and Iannacci, JJ., concur.