Matter of Romeo O. (Sita P.-M.) (2018 NY Slip Op 05047)





Matter of Romeo O. (Sita P.-M.)


2018 NY Slip Op 05047


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-09174
 (Docket Nos. N-14734-16, N-14735-16, N-14736-16, N-14737-16)

[*1]In the Matter of Romeo O. (Anonymous). Administration for Children's Services, petitioner; Sita P.-M. (Anonymous), et al., respondents. (Proceeding No. 1)
In the Matter of Autumn M. (Anonymous). Administration for Children's Services, petitioner- respondent; Sita P.-M. (Anonymous), et al., respondents-appellants. (Proceeding No. 2)
In the Matter of Lanlia A. (Anonymous). Administration for Children's Services, petitioner; Sita P.-M. (Anonymous), et al., respondents. (Proceeding No. 3)
In the Matter of Don O. (Anonymous). Administration for Children's Services, petitioner; Sita P.-M. (Anonymous), et al., respondents. (Proceeding No. 4)


Law Office of Seidner & Associates, P.C., Garden City, NY (Matthew S. Seidner of counsel), for respondent-appellant Sita P.-M.
Vincent M., South Richmond Hill, NY, respondent-appellant pro se.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Emma Grunberg of counsel), for petitioner-respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child Autumn M.



DECISION & ORDER
In four related proceedings pursuant to Family Court Act article 10, the mother and the father separately appeal from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated July 31, 2017. The order, after a hearing pursuant to Family Court Act § 1028, denied the separate applications of the mother and the father in Proceeding No. 2 for, inter alia, the return of the subject child, Autumn M., to their custody during the pendency of the [*2]proceeding.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) filed, inter alia, a petition against Sita P.-M., Autumn M.'s mother, and Vincent M., Autumn M.'s father (hereinafter together the appellants), alleging that they had derivatively abused or neglected Autumn M., and temporarily removed her from the appellants' home, based upon allegations that, under circumstances evincing a depraved indifference to human life, the appellants had recklessly or intentionally caused serious physical injury to Sita P.-M.'s three-year-old grandson, Romeo O., while he was in the appellants' custody and care. Thereafter, the appellants separately applied for the return of Autumn M. to their custody during the pendency of the proceeding. Following a hearing pursuant to Family Court Act § 1028, the Family Court denied their applications.
An application pursuant to Family Court Act § 1028 for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health" (Family Ct Act § 1028[a]). In making its determination, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (Nicholson v Scoppetta, 3 NY3d 357, 378). The court "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d at 378). "In reviewing a Family Court's determination of an application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed, this Court must determine whether a sound and substantial basis in the record supports the Family Court's determination" (Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691; see Matter of Alex A.E. [Adel E.], 103 AD3d 721, 722; Matter of Alan C. [Thomas C.], 85 AD3d 912, 914).
Here, there is a sound and substantial basis in the record for the Family Court's determination denying the appellants' separate applications pursuant to Family Court Act § 1028 for the return of Autumn M., as there was evidence that a return of Autumn M. to the appellants would present an imminent risk to her life or health (see Matter of Elijah G. [Chastity G.], 158 AD3d 762; Matter of Xiomara C. [Karen A.], 156 AD3d 631, 632).
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court