Matter of Ja Niyah M. (Justina R.) (2018 NY Slip Op 05928)





Matter of Ja Niyah M. (Justina R.)


2018 NY Slip Op 05928


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-02848
 (Docket No. N-2474-18)

[*1]In the Matter of Ja Niyah M. (Anonymous). Administration for Children's Services, appellant; Justina R. (Anonymous), respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Melanie T. West of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Jessica Marcus of counsel), for respondent.
Mark Diamond, New York, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated March 8, 2018. The order, after a hearing, granted the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody. By decision and order on motion dated March 23, 2018, this Court stayed enforcement of the order dated March 8, 2018, pending hearing and determination of the appeal.
ORDERED that the order dated March 8, 2018, is reversed, on the law and the facts, without costs or disbursements, and the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody is denied.
At the time the subject child was born in January 2018, the mother already had one child, Kareem, who was then six years old. On December 22, 2017, the Administration for Children's Services (hereinafter ACS) filed a petition alleging that the mother neglected Kareem by inflicting excessive corporal punishment on him. As a result, Kareem was removed from the mother's care and placed in a nonkinship foster home. On January 26, 2018, shortly after her birth, the subject child was removed from the mother's care. On January 29, 2018, ACS commenced this proceeding alleging that the mother had derivatively neglected the subject child, based upon the allegations of neglect concerning Kareem. After initially opposing the removal of the subject child from her care and the placement in foster care, the mother consented to removal, but reserved her right to ask for a hearing pursuant to Family Court Act § 1028 and to seek the return of the subject child. On February 6, 2018, the mother filed an application pursuant to Family Court Act § 1028. After a hearing, the Family Court granted the mother's application for the return of the subject child to her custody. ACS appeals.
"An application pursuant to Family Court Act § 1028 for the return of a child who [*2]has been temporarily removed shall' be granted unless the Family Court finds that the return presents an imminent risk to the child's life or health'" (Matter of Romeo O. [Sita P.-M.], _____ AD3d _____, _____, 2018 NY Slip Op 05047, *2 [2d Dept 2018], quoting Family Ct Act § 1028[a]). The Family Court's determination will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Alex A.E. [Adel E.], 103 AD3d 721). In determining whether there is imminent risk to the life or health of a child pursuant to Family Court Act § 1028, the Family Court is required to balance the risk to the child should he or she be returned to the custody of the parent against the harm that the child's removal might cause (see Nicholson v Scoppetta, 3 NY3d 357, 378; Matter of Audrey L. [Marina L.], 147 AD3d 838, 839).
Here, the Family Court's determination granting the mother's application pursuant to Family Court Act § 1028 for the return of the subject child lacked a sound and substantial basis in the record (see Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691). The evidence at the hearing demonstrated, inter alia, the mother's ongoing history of physical neglect and abuse toward Kareem, including an indicated report of inadequate supervision of Kareem when he was one year old, her failure or refusal to substantially comply with recommended services, and her failure to adequately cooperate with ACS. Accordingly, the court should have denied the mother's application for the return of the subject child to her custody.
DILLON, J.P., COHEN, DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court