Matter of Chloe-Elizabeth A.T. (Albert T.) (2018 NY Slip Op 08666)





Matter of Chloe-Elizabeth A.T. (Albert T.)


2018 NY Slip Op 08666


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-07010
 (Docket No. N-7839-17)

[*1]In the Matter of Chloe-Elizabeth A. T. (Anonymous). Administration for Children's Services, petitioner- respondent; Albert T. (Anonymous), appellant, et al., respondent.


Mark Diamond, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Elizabeth I. Freedman of counsel), for petitioner-respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Laura Solecki of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated June 16, 2017. The order, after a hearing, granted the petitioner's application pursuant to Family Court Act § 1027 to temporarily remove the subject child from the father's custody and place her in the custody of her mother pending the outcome of a neglect proceeding, and limited the father's contact with the subject child to agency supervised parental access.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the petitioner's application pursuant to Family Court Act § 1027 is denied, and the matter is remitted to the Family Court, Kings County, for the entry of an order directing the return of the child to the physical custody of the father and for further proceedings in connection with the underlying neglect petition, to be conducted expeditiously.
In the underlying child neglect petition, the father is alleged to have derivatively neglected the subject child, Chloe-Elizabeth (hereinafter Chloe), based upon allegations made in a separate child neglect petition that the father neglected his other child and Chloe's half-sibling, Dasanie, by inflicting excessive corporal punishment upon Dasanie. Both children, who have different mothers, were living with the father during the relevant time period. Chloe was residing with the father pursuant to a custody order entered upon her parents' consent, under which her parents had joint custody of her, with the father having residential custody. By order dated June 16, 2017, after a hearing, the Family Court granted the petitioner's application pursuant to Family Court Act § 1027 to temporarily remove Chloe from the father's custody and place her in the custody of her mother pending the outcome of the neglect proceeding. The father appeals, and we reverse.
"[O]nce a child protective petition has been filed, Family Court Act § 1027(a)(iii) authorizes the court to conduct a hearing to determine whether the child's interests require [*2]protection, including whether the child should be removed from his or her parent" (Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 204). Upon such a hearing, temporary removal is only authorized where the court finds it necessary "to avoid imminent risk to the child's life or health" (Nicholson v Scoppetta, 3 NY3d 357, 376; see Family Ct Act § 1027[b][i]). "In determining a removal application pursuant to Family Court Act § 1027, the court must engage in a balancing test of the imminent risk with the best interests of the child and, where appropriate, the reasonable efforts made to avoid removal or continuing removal'" (Matter of Baby Boy D. [Adanna C.], 127 AD3d 1079, 1080, quoting Nicholson v Scoppetta, 3 NY3d at 380; see Matter of Audrey L. [Marina L.], 147 AD3d 838, 839).
Here, the petitioner failed to establish that Chloe would be subject to imminent risk if she remained in the father's care pending the outcome of the neglect proceeding (see Matter of Jorge T. [Christine S.], 157 AD3d 800; Matter of Emmanuela B. [Jean E.B.], 147 AD3d 935; Matter of Amanda Lynn B., 60 AD3d 939). The hearing evidence showed that at no time did the father inflict excessive corporal punishment upon Chloe. In addition, the evidence showed that Dasanie may have been coached by Chloe's mother, and Dasanie recanted, before several individuals, the allegations that the father inflicted excessive corporal punishment upon her.
Accordingly, the petitioner's application pursuant to Family Court Act § 1027 to temporarily remove Chloe from the father's custody and place her in the custody of her mother pending the outcome of the neglect proceeding should have been denied.
In light of our determination, the father's remaining contention need not be reached.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court