Matter of Barton v Montero (2019 NY Slip Op 03783)





Matter of Barton v Montero


2019 NY Slip Op 03783


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2018-05298
 (Docket No. O-2129-16)

[*1]In the Matter of Selena S. Barton, etc., respondent,
v
Jimmy Montero, Jr., appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Arza Feldman, Uniondale, NY (Steven A. Feldman of counsel), for respondent.
Carl D. Birman, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated April 9, 2018. The order of protection, upon granting the mother's motion to extend a prior order of protection of the same court dated October 18, 2016, directed the father, inter alia, to stay away from the parties' child until and including April 9, 2019.
ORDERED that the appeal from the order of protection dated April 9, 2018, is dismissed as academic, without costs or disbursements.
In this family offense proceeding, the Family Court issued a stay-away order of protection dated October 18, 2016, against the father, upon his consent and without any admission on his part, in favor of the parties' child. Subsequently, the mother moved to extend the order of protection dated October 18, 2016. On April 9, 2018, upon granting the mother's motion to extend the prior order of protection, the Family Court directed the father, inter alia, to stay away from the child until and including April 9, 2019. The father appeals from the order of protection dated April 9, 2018.
The appeal must be dismissed, as the order of protection dated April 9, 2018, has expired by its terms and imposes no enduring consequences on the father (see Matter of Hannah T.R. [Soya R.], 145 AD3d 1012, 1013; Matter of Baby Boy D. [Adanna C.], 127 AD3d 1079; cf. Matter of Veronica P. v Radcliff A., 24 NY3d 668).
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court