Matter of Cameron L. (Ashley L.) (2019 NY Slip Op 09268)





Matter of Cameron L. (Ashley L.)


2019 NY Slip Op 09268


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2019-05454 
2019-09514
 (Docket No. N-10457-19)

[*1]In the Matter of Cameron L. (Anonymous). Administration for Children's Services, petitioner-respondent;
and
Ashley L. (Anonymous), appellant, et al., respondent.


Brooklyn Defender Services, Brooklyn, NY (Jessica Marcus and Noran Elzarka of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Barbara Graves-Poller of counsel), for petitioner-respondent.
Patricia Martin-Gibbons, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated May 3, 2019, and (2) an order of the same court dated August 5, 2019. The order dated May 3, 2019, after a hearing, granted the petitioner's application pursuant to Family Court Act § 1027 to remove the subject child from the custody of the mother and place the child with the maternal grandmother pending the outcome of the proceeding. The order dated August 5, 2019, denied, without a hearing, the mother's application pursuant to Family Court Act § 1028 for the return of the child to her custody.
ORDERED that the order dated May 3, 2019, is reversed, on the facts, without costs or disbursements, the petitioner's application pursuant to Family Court Act § 1027 to remove the subject child from the custody of the mother and place the child with the maternal grandmother pending the outcome of the proceeding is denied, the order dated August 5, 2019, is vacated, and the matter is remitted to the Family Court, Kings County, for the entry of an order directing the immediate return of the child to the physical custody of the mother; and it is further,
ORDERED that the appeal from the order dated August 5, 2019, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated May 3, 2019.
In January 2019, the Administration for Children's Services (hereinafter the petitioner) filed a neglect petition against the father of the subject child, alleging that the father had neglected the child by engaging in acts of domestic violence against the mother in the child's presence. The mother was not named as a respondent in that petition.
Thereafter, on April 15, 2019, the petitioner filed a neglect petition against the [*2]mother, alleging, inter alia, that she neglected the subject child by residing with the child with the mother's mentally ill uncle in his apartment and allowing her uncle to care for the child while the mother worked overnight shifts for United Parcel Service. An ex parte order dated April 15, 2019, was issued directing the mother to relocate with the child, with the petitioner's assistance, from her uncle's apartment to a shelter, and to refrain from leaving the child with any person not approved by the petitioner.
Subsequent to the issuance of that ex parte order, the mother appeared for a court conference on April 18, 2019. At the conclusion of the conference, the Family Court issued an order, inter alia, allowing the mother to move with the child into her sister's apartment in Queens. The order also directed the mother to not leave New York with the child, despite her stated plan to move with the child to another sister's home in Texas. Since the mother was on a leave of absence from work at the time of this conference, she did not require childcare.
The parties next appeared before the Family Court on May 3, 2019. At that conference, the petitioner made an application pursuant to Family Court Act § 1027 to remove the child from the custody of the mother and to place him with the maternal grandmother pending the outcome of the neglect proceeding. The petitioner stated that, since April 22, 2019, the child had been living with the maternal grandmother at her home on Long Island, rather than with the mother and his aunt in Queens. The petitioner stated that, while the mother had received the petitioner's permission to allow the child to visit the maternal grandmother for Easter, the mother had not received permission for the child to live with the maternal grandmother. As a result, the petitioner argued that the child should be removed from the mother's custody since the mother was not cooperating with the petitioner and was not in compliance with the order issued on April 18, 2019. The mother opposed the application, and explained that she had to return to work on April 22, 2019, and so she needed overnight care for the child. The mother maintained that she had contacted the petitioner to inform the child's caseworker that the child was staying with the maternal grandmother while the mother worked and looked for an apartment where she could reside with the child.
In an order dated May 3, 2019, the Family Court granted the petitioner's application, upon its findings that the mother could not be trusted to follow the court's directives or to keep in contact with the petitioner, and that she had exercised poor judgment in the past. The court stated that the mother had "exposed [the child] to significant risk of harm" in that she, inter alia, had previously resided with her uncle and used her uncle as a caretaker despite his mental illness. Upon balancing the risk of harm to the child against the mother's rights, the court removed the child from the custody of the mother and placed him with the maternal grandmother pending the outcome of the proceeding.
Subsequently, the mother made an application pursuant to Family Court Act § 1028 for the return of the child to her custody. In an order dated August 5, 2019, the Family Court denied the mother's application without a hearing. The court stated that the mother had not shown that good cause existed to conduct a hearing pursuant to Family Court Act § 1028, since a hearing pursuant to Family Court Act § 1027 had been conducted. The mother appeals from the orders dated May 3, 2019, and August 5, 2019.
Upon a hearing pursuant to Family Court Act § 1027, "temporary removal is only authorized where the court finds it necessary to avoid imminent risk to the child's life or health'" (Matter of Chloe-Elizabeth A.T. [Albert T.], 167 AD3d 910, 911, quoting Nicholson v Scoppetta, 3 NY3d 357, 376). "In determining a removal application pursuant to Family Court Act § 1027, the court must engage in a balancing test of the imminent risk with the best interests of the child and, where appropriate, the reasonable efforts made to avoid removal or continuing removal'" (Matter of Baby Boy D. [Adanna C.], 127 AD3d 1079, 1080, quoting Nicholson v Scoppetta, 3 NY3d at 380; see Matter of Emmanuela B. [Jean E.B.], 147 AD3d 935, 935). "Imminent danger, however, must be near or impending, not merely possible" (Nicholson v Scoppetta, 3 NY3d at 369).
Here, the petitioner failed to establish that the child would be subjected to imminent risk if he were not removed from the mother's custody pending the outcome of the neglect [*3]proceeding (see Matter of Chloe-Elizabeth A.T. [Albert T.], 167 AD3d at 911; Matter of Emmanuela B. [Jean E.B.], 147 AD3d at 935). The Family Court's concerns about, inter alia, whether the mother would keep in contact with the petitioner or return to court for continued proceedings did not amount to an imminent risk to the child's life or health that could not be mitigated by reasonable efforts to avoid removal. Accordingly, we reverse the order granting the petitioner's application pursuant to Family Court Act § 1027 to remove the child from the custody of the mother and place him with the maternal grandmother pending the outcome of the proceeding, and remit the matter to the Family Court, Kings County, for the entry of an order directing the immediate return of the child to the physical custody of the mother.
In light of our determination, the order dated August 5, 2019, has been rendered academic, and we therefore dismiss the appeal from that order. We need not reach the mother's remaining contentions in light of our deterination.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court