Matter of Destiny G. (Melvin G.) (2025 NY Slip Op 00191)

Matter of Destiny G. (Melvin G.)

2025 NY Slip Op 00191

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Docket No. N33631-32/23 Appeal No. 3497 Case No. 2024-01943 

[*1]In the Matter of Destiny G., and Another, A Child Under Eighteen Years of Age, etc., Melvin G. Respondent-Appellant, Administration for Children's Services, Respondent-Respondent.

Dora M. Lassinger, East Rockaway, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondent.
Donna C. Chin, New York, attorney for the child, Destiny G.
Dawne A. Mitchell, The Legal Aid Society, New York (Zoe Allen of counsel), attorney for the child, Malachi, G.

Order, Family Court, Bronx County (Cynthia Lopez, J.), entered on or about January 22, 2024, which, after a hearing under Family Court Act § 1028, denied respondent father's application to return the subject children to his care pending the fact-finding hearing, unanimously reversed, on the facts and in the exercise of discretion, without costs, and the application granted.
The record lacks a sound and substantial basis for concluding that the identified risks to the children of remaining in the father's care during the pendency of this proceeding could not be mitigated with reasonable efforts (Family Court Act § 1028[b]; Nicholson v Scoppetta, 3 NY3d 357, 378 [2004]). Although the lack of direct overnight supervision, even with family living in other apartments in the building, posed some risk for the then-10-year-old children, Family Court should have weighed the children's maturity level and the father's willingness to make arrangements for the children's overnight supervision in order for them to return to his care (see Matter of Emmanuela B. [Jean E.B.], 147 AD3d 935, 935 [2d Dept 2017]). Respondent agency also did not establish the regularity or the severity of the father's use of a belt to warrant the children's continued removal, and did not identify any specific or recent incident to support the rejection of the father's testimony that he had never left a mark in disciplining the children. Nor did Family Court appear to weigh the father's willingness to stop using physical punishment so that the children could be returned to his care (see Matter of Peter G., 6 AD3d 201, 203 [1st Dept 2004]).
With respect to the condition of the home, the Family Court acknowledged that the state of the apartment was improved, which showed the father was willing to eliminate or had eliminated the identified risks (see Matter of Saad A., 167 AD3d 596, 598 [2d Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025