■ In the Matter of C. CHILDREN. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARISOL C. et al., Appellants. [672 NYS2d 134] —In consolidated neglect proceedings pursuant to Family Court Act article 10, the parents appeal, as limited by their brief, from so much of an order of the Family Court, Suffolk County (Trainor, J.), entered March 27, 1997, as, after a hearing, denied their application pursuant to Family Court Act § 1028 for the return of their children and continued the children's temporary removal from their home.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parents' appeal from so much of the order as continued the temporary removal of the children from their home would ordinarily have to be dismissed as academic because the children were subsequently returned to their home. Any corrective measures which this Court might take with respect to the placement of the children would have no practical effect (*see, Matter of New York City Dept. of Social Servs. [Kalisha A.] v Diognes T.,* 208 AD2d 844). However, the underlying finding that there would have been imminent risk to the children's life or health in the event they were returned to the parents at the time the order was made constitutes a "permanent and significant stigma" which "might indirectly affect the [parents'] status in potential future proceedings" (*Matter of H. Children,* 156 AD2d 520). Accordingly, the appeal is not academic.

Turning to the merits, we find that the evidence adduced at the hearing established that returning the children to the parents in March 1997 would have presented an imminent risk

to their life or health (*see,* Family Ct Act § 1028). In particular, the evidence showed that the mother was suffering from Munchausen Syndrome by Proxy which caused her to fabricate symptoms of apnea in her infant son and subject him to unnecessary medical treatment (*see, Matter of Suffolk County Dept. of Social Servs. [Aaron S.],* 215 AD2d 395). After the mother completed a court-ordered psychiatric evaluation and several months of therapy, the Family Court determined that the temporary removal of the children was no longer necessary. Inasmuch as the Family Court had the advantage of viewing the witnesses and weighing their credibility, its determination is entitled to great deference on appeal and will not be disturbed (*see, Matter of Tami G.,* 209 AD2d 869, 870). Pizzuto, J. P., Joy, Friedmann and Florio, JJ., concur.