■ In the Matter of JESSE J., IV. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOANN K. et al., Appellants. (Proceeding No. 1.) In the Matter of JOSETTE K. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOANN K. et al., Appellants. (Proceeding No. 2.) In the Matter of TRENIA K. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOANN

K. et al., Appellants. (Proceeding No. 3.) In the Matter of JAYLA K. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOANN K. et al., Appellants. (Proceeding No. 4.) In the Matter of JOSEPH K. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOANN K. et al., Appellants. (Proceeding No. 5.) In the Matter of JOYCE K. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOANN K. et al., Appellants. (Proceeding No. 6.)
[882 NYS2d 487]—

In six related child protective proceedings pursuant to Family Court Act article 10, the father and the mother separately appeal from (1) an order of the Family Court, Richmond County (DiDomenico, J.), dated February 4, 2008, which, after a hearing, remanded the children to the care of the Commissioner of Social Services, and (2) six orders of the same court (one as to each child), each dated February 5, 2008, which granted those branches of the petitions which were, in effect, to remove each of the children from the home pursuant to Family Court Act § 1027.

Ordered that the orders are reversed, on the law, without costs or disbursements, those branches of the petitions which were, in effect, to remove each of the children from the home pursuant to Family Court Act § 1027 are denied, and the matters are remitted to the Family Court, Richmond County, for further proceedings consistent herewith.

"The plain language of [Family Court Act § 1027] and the legislative history supporting it establish that a blanket presumption favoring removal was never intended. The court *must do more* than identify the existence of a risk of serious harm. Rather a court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal. It must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (*Nicholson v Scoppetta,* 3 NY3d 357, 378 [2004]).

In this case, accepting the Family Court's determination to credit the petitioner's evidence and discredit the parents' evidence, we nevertheless agree with the parents and the attorney for the children that the evidence was insufficient, as a matter of law, to find that the children would be subjected to imminent risk if they remained in the custody of the parents during the

pendency of these proceedings. Moreover, it appears that the Family Court failed to consider whether risk to the children could have been mitigated by reasonable efforts to avoid the drastic option of removal.

In the period while these appeals were pending, the children spent one year of their lives in foster care, and thereafter one of the children was paroled to her biological father who is not a party to this proceeding. Four of the children were paroled to the appellant father under the supervision of the respondent, and the eldest child, now age 17, was paroled to the appellant mother under the supervision of the respondent, pending a "continued" fact-finding hearing scheduled for October 2009. The appeals are not academic, since the removal of the children created a permanent and significant stigma (*see Matter of C. Children,* 249 AD2d 540 [1998]), and the mother still seeks return of all of the children to her.

Accordingly, the orders appealed from must be reversed, and those branches of the petitions which were, in effect, to remove each of the children from the home pursuant to Family Court Act § 1027 must be denied. The matters are remitted to the Family Court, Richmond County, for further proceedings, including whether the current custodial arrangement is in the best interests of the children. Fisher, J.P., Miller, Chambers and Austin, JJ., concur.