■ In the Matter of ALAN C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; THOMAS C., Appellant. [925 NYS2d 174]—

In a child abuse proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Hamill, J.), dated February 23, 2010, as, after a hearing, denied his application for return of the child to his custody pursuant to Family Court Act § 1028, and continued the remand of the child to

the custody of the Administration for Children's Services. By decision and order on motion of this Court dated April 8, 2010, so much of the order as denied the father's application for return of the child to his custody pursuant to Family Court Act § 1028 and continued the remand of the child to the custody of the Administration for Children's Services was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the father's application pursuant to Family Court Act § 1028 is granted.

Although, during the pendency of this appeal, the Family Court awarded the father temporary custody of the child, his appeal is not academic since the removal of the child created a permanent and significant stigma (*see Matter of Jesse J.*, 64 AD3d 598, 600 [2009]; *Matter of C. Children*, 249 AD2d 540 [1998]).

Pursuant to Family Court Act § 1028, an application for return of a child "shall" be granted, unless the court finds that "the return presents an imminent risk to the child's life or health" (Family Ct Act § 1028 [a]). In reaching that determination, the Family Court must balance the imminent risk to the child's life or health with the best interests of the child, and what reasonable efforts were made to avoid removal or continuing removal (*see Nicholson v Scoppetta*, 3 NY3d 357, 378-380 [2004]). A removal does not require evidence of actual injury; persuasive evidence of serious abuse and a reason to fear an imminent recurrence is sufficient (*see Matter of Martha A. [Diana C.]*, 75 AD3d 476, 477 [2010], citing *Nicholson v Scoppetta*, 3 NY3d at 381 [2010]).

In the instant case, the petitioner sought the removal of the child when the father refused to consent to accepting certain services, which were never fully explained to him. Rather than seeking court-mandated services, the petitioner sought immediate removal. The Family Court found that the petitioner failed to make reasonable efforts to avoid removal.

The Family Court nevertheless granted the removal based upon bruises and related injuries to the child. At a hearing pursuant to Family Court Act § 1028, evidence was submitted that the child and his father explained that those injuries were accidentally incurred. There was no evidence presented which ruled out the claim that those injuries were accidentally incurred. The explanation that the child incurred bruises while play-fighting with other children was corroborated by the testimony of a school guidance counselor that the child engaged in aggressive play-fighting with his peers.

Further, the petitioner waited over six weeks after bruises were observed on the child's body before commencing the instant proceeding. In the interim, no new injuries were observed, indicating that the child faced no imminent risk to his life or health.

Nevertheless, the Family Court concluded that the return of the child presented "an imminent risk to the child's life or health" (Family Ct Act § 1028 [a]). We find that the record as a whole fails to provide a sound and substantial basis for that conclusion. Accordingly, the order must be reversed insofar as appealed from, and the father's application pursuant to Family Court Act § 1028 for the return of the child is granted. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.