In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated June 22, 2012, which, after a hearing, granted the application made on behalf of the subject child pursuant to Family Court Act § 1027 to temporarily remove the subject child from the custody of the mother and place the child in the custody of the Suffolk County Department of Social Services pending the outcome of the proceeding.
Ordered that the order is affirmed, without costs or disbursements.
*747 Contrary to the contentions of the petitioner and the attorney for the child, the appeal has not been rendered academic by two subsequent permanency orders continuing the placement of the child, because the removal “created a permanent and significant stigma” and the mother still seeks the return of the child to her custody (Matter of Jesse J., 64 AD3d 598, 600 [2009]; see Matter of Alan C. [Thomas C.], 85 AD3d 912, 913 [2011]; Matter of C. Children, 249 AD2d 540 [1998]).
After a hearing, the Family Court properly granted the application made on behalf of the subject child pursuant to Family Court Act § 1027 to temporarily remove the child from the custody of the mother and place the child in the petitioner’s custody pending the outcome of the proceeding. The Family Court properly took judicial notice of, among other things, the prior adjudications of permanent neglect against the mother with respect to the child’s two older siblings (see Matter of Dariana K.C. [Katherine M.], 99 AD3d 899 [2012]). Further, the evidence showed that, if the child were to remain in the custody of the mother, there would be imminent risk to the child’s life or health, and the risk could not be mitigated by reasonable efforts to avoid removal (see Family Ct Act § 1027 [a] [iii]; [b]; Nicholson v Scoppetta, 3 NY3d 357, 378 [2004]; Matter of Baby Girl P. [Shante P.], 93 AD3d 728 [2012]).
The mother’s remaining contention is unpreserved for appellate review and, in any event, without merit.
Skelos, J.E, Dickerson, Leventhal and Miller, JJ., concur.