■ In the Matter of AUDREY L. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MARINA L., Respondent. [47 NYS3d 78]—

Appeal by the petitioner from an order of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated May 27, 2016. The order, insofar as appealed from, after a hearing, granted the mother's application pursuant to Family Court Act § 1028

for the return of the subject child to her custody. By decision and order on motion dated June 8, 2016, this Court granted the petitioner's motion, inter alia, to stay enforcement of the Family Court's order pending the hearing and determination of this appeal.

Ordered that the order dated May 27, 2016, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody is denied.

The subject child was removed from the mother's custody shortly after her birth in December 2015. The mother has two older children, who were removed from her custody before the subject child was born, and who remain in foster care. The petitioner commenced this neglect proceeding pursuant to Family Court Act article 10 based on allegations that the child's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the failure of the mother and the child's father to exercise a minimum degree of care. The mother made an application pursuant to Family Court Act § 1028 (a) for the return of the child. After a hearing, the Family Court granted the application. The petitioner appeals.

An application pursuant to Family Court Act § 1028 (a) for the return of a child who has been temporarily removed shall be granted unless the court finds that "the return presents an imminent risk to the child's life or health" (Family Ct Act § 1028 [a]). In a proceeding for removal of a child, the Family Court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal (see Nicholson v Scoppetta, 3 NY3d 357, 378 [2004]; Matter of Julissia B. [Navasia J.], 128 AD3d 690 [2015]). Ultimately, the Family Court must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests (see Nicholson v Scoppetta, 3 NY3d at 378; Matter of Julissia B. [Navasia J.], 128 AD3d 690 [2015]). In reviewing a Family Court's determination of an application pursuant to Family Court Act § 1028 (a) for the return of a child who has been temporarily removed, this Court must determine whether a sound and substantial basis in the record supports the Family Court's determination (see Matter of Julissia B. [Navasia J.], 128 AD3d 690 [2015]; Matter of Alex A.E. [Adel E.], 103 AD3d 721 [2013]).

The record does not provide a sound and substantial basis

for the Family Court's determination granting the mother's application (*see Matter of Julissia B. [Navasia J.]*, 128 AD3d 690; *cf. Matter of Alexi R.C. [Monica D.]*, 109 AD3d 819, 821 [2013]; *Matter of Cyraia B. [Carduck B.]*, 96 AD3d 936, 937 [2012]). In particular, the evidence established, among other things, that the mother had failed to address or acknowledge the circumstances that led to the removal of the child. Accordingly, we cannot agree that the return of the child to the mother's custody would not present an imminent risk to the child's life or health (*see* Family Ct Act § 1028 [a]; *Matter of Alexi R.C. [Monica D.]*, 109 AD3d at 821; *Matter of Kimberly H.*, 242 AD2d 35, 39 [1998]; *cf. Matter of Tsulyn A. [Deborah A.]*, 90 AD3d 748 [2011]). Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.