Matter of Elijah G. (Chastity G.) (2018 NY Slip Op 01187)





Matter of Elijah G. (Chastity G.)


2018 NY Slip Op 01187


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-01230
 (Docket No. N-15201-16)

[*1]In the Matter of Elijah G. (Anonymous). Administration for Children's Services, respondent; Chastity G. (Anonymous), et al., appellants.


Carol Kahn, New York, NY, for appellant Chastity G.
Warren S. Hecht, Forest Hills, NY, for appellant Christopher G.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Diana Lawless of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.



DECISION & ORDER
Appeals from an order of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated December 30, 2016. The order, after a hearing pursuant to Family Court Act § 1028, denied the separate applications of the mother and the father for the return of the subject child to their custody during the pendency of the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The Administration for Children's Services filed a petition against Chastity G., the mother, and Christopher G., the father (hereinafter together the appellants), alleging that they neglected the subject child, Elijah G., by failing to provide adequate supervision and guardianship based on, inter alia, prior findings of neglect against them with respect to their other three children, a failure to benefit from services, and a failure to fully engage in mental health treatment. Thereafter, the appellants separately requested the return of Elijah to their custody during the pendency of the neglect proceeding. Following a hearing pursuant to Family Court Act § 1028, the Family Court denied their requests.
Contrary to the appellants' contentions, the Family Court providently exercised its discretion in denying their separate requests pursuant to Family Court Act § 1028 for the return of Elijah to their custody during the pendency of the neglect proceeding. There was sufficient evidence presented at the hearing to establish that Elijah's emotional, mental, and physical health would be at imminent risk if he were returned to the appellants' care (see Family Ct Act § 1028). Under the circumstances of this case, we agree with the court's determination not to return Elijah to the appellants' custody until additional facts are adduced at a full fact-finding hearing (see Matter of Julissia B. [Navasia], 128 AD3d 690; see also Nicholson v Scoppetta, 3 NY3d 357).
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court