Matter of Esscence R. (Ebony B. R.) (2018 NY Slip Op 01314)





Matter of Esscence R. (Ebony B. R.)


2018 NY Slip Op 01314


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-06775
 (Docket No. N-12550-17)

[*1]In the Matter of Esscence R. (Anonymous). Administration for Children's Services, appellant;
and
Ebony B. R. (Anonymous), respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Carolyn Walther of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Lauren Shapiro of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Sara H. Reisberg of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated June 15, 2017. The order, after a hearing, granted the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody.
ORDERED that the order is affirmed, without costs or disbursements.
An application pursuant to Family Court Act § 1028 for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health" (Family Ct Act § 1028[a]). In making its determination, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (Nicholson v Scoppetta, 3 NY3d 357, 378). The court "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (id.). "In reviewing a Family Court's determination of an application pursuant to Family Court Act § 1028 (a) for the return of a child who has been temporarily removed, this Court must determine whether a sound and substantial basis in the record supports the Family Court's determination" (Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691; see Matter of Alex A.E. [Adel E.], 103 AD3d 721, 722; Matter of Alan C. [Thomas C.], 85 AD3d 912, 914).
Here, there is a sound and substantial basis in the record for the Family Court's determination granting the mother's application pursuant to Family Court Act § 1028, since the risks to the child were mitigated by the conditions imposed by the court on the granting of the mother's application. The court required the mother, among other things, to participate in therapy, to continue to bring the child to visit her siblings at the home of the foster mother, and to continue to take the [*2]child to her medical appointments. With these conditions, and taking into account all of the relevant circumstances, the court's determination to return the child to the mother should not be disturbed.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court