Matter of Renezmae X. (Kimberly X.) (2018 NY Slip Op 03188)





Matter of Renezmae X. (Kimberly X.)


2018 NY Slip Op 03188


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

524543

[*1]In the Matter of RENEZMAE X., Alleged to be a Neglected Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIMBERLY X., Appellant, et al., Respondent.

Calendar Date: March 28, 2018

Before: Garry, P.J., McCarthy, Lynch, Clark and Pritzker, JJ.


Sandra Colatosti, Albany, for appellant.
Thomas Coulson, Broome County Department of Social Services, Binghamton, for Broome County Department of Social Services, respondent.
David M. Brown, Binghamton, attorney for the child.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered January 24, 2017, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent Kimberly X.'s motion for return of the subject child.
Respondent Kimberly X. (hereinafter the mother) and respondent Chad W. (hereinafter the father) are the parents of a daughter (born in 2016; hereinafter the child). Prior to the child's birth, in February 2016, upon a stipulated admission of neglect, Family Court entered an order adjudging respondents' older child to be a neglected child and directed respondents to, among other things, participate in parenting classes, mental health and substance abuse evaluations and cooperate with respective recommendations.
The child was born thereafter in October 2016. Approximately one week after her birth, while she was still in the hospital, petitioner filed an application for prepetition temporary [*2]removal (see Family Ct Act § 1022). Family Court granted petitioner's application and temporarily placed the child in petitioner's custody. Shortly thereafter, petitioner filed a neglect petition against respondents with respect to the child upon a theory of derivative neglect. In January 2017, the mother filed an application for the return of the child. After a hearing pursuant to Family Ct Act § 1028, Family Court denied the mother's application, thereby continuing the child's temporary placement with petitioner. The mother now appeals. We affirm.
On an application for a child's return pursuant to Family Ct Act § 1028, "a court must engage in a balancing test of the imminent risk with the best interests of the child and, where appropriate, the reasonable efforts made to avoid removal or continuing removal" (Nicholson v Scoppetta, 3 NY3d 357, 380 [2004]; see Family Ct Act § 1028 [b]). On appeal, we review whether Family Court's determination is supported by a sound and substantial basis in the record (see Matter of Audrey L. [Marina L.], 147 AD3d 838, 839 [2017]; Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691 [2015]). Here, the mother contends that petitioner failed to demonstrate that it undertook reasonable efforts after the child's removal to make it possible for her safe return to the mother's care. Although the testimony with respect to reasonable efforts was not extensive, the testimony reveals that petitioner provided caseworker services and made referrals for services related to mental health and substance abuse concerns, the very issues that led to the child's removal in the first place, and, as such, Family Court's determination that petitioner made the requisite reasonable efforts is supported by a sound and substantial basis in the record. Further, the evidence at the hearing established that the mother had failed to address the circumstances that led to removal of the child. As such, Family Court's determination, that keeping the child in petitioner's temporary custody was necessary to avoid imminent risk to her life or health at the time that the order was entered, is supported by a sound and substantial basis in the record (see Matter of Audrey L. [Marina L.], 147 AD3d at 839-840; Matter of Hannah T.R. [Soya R.], 145 AD3d 1012, 1013 [2016]; Matter of Julissia B. [Navasia J.], 128 AD3d at 691).
Garry, P.J., McCarthy, Lynch and Clark, JJ., concur.
ORDERED that the order is affirmed, without costs.