Matter of Chloe W. (Tara W.) (2018 NY Slip Op 06546)





Matter of Chloe W. (Tara W.)


2018 NY Slip Op 06546


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-08768
 (Docket No. N-15186-17)

[*1]In the Matter of Chloe W. (Anonymous). Administration for Children's Services, respondent; Tara W. (Anonymous), appellant.


Richard Cardinale, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Elina Druker of counsel), for respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.



DECISION & ORDER
In a child neglect proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (John M. Hunt, J.), dated August 10, 2017. The order, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody.
ORDERED that the order is affirmed, without costs or disbursements.
In July 2017, the Administration for Children's Services (hereinafter ACS) commenced this proceeding against the respondent mother alleging that she neglected her then five-year-old daughter. The subject child was removed from the mother's custody shortly thereafter pending an "imminent risk evaluation" to be conducted by the Family Court Mental Health Services. Following the mental health examiner's determination that the mother needed immediate mental health services and that the child would be at imminent risk of harm in the mother's custody, the Family Court continued the child's placement in foster care. The mother then applied, pursuant to Family Court Act § 1028(a), for the return of the child. The court, after a hearing, denied the mother's application. The mother appeals.
"An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed shall be granted unless the court finds that the return presents an imminent risk to the child's life or health'" (Matter of Audrey L. [Marina L.], 147 AD3d 838, 839, quoting Family Ct Act § 1028[a]). "In a proceeding for removal of a child, the Family Court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal'" (Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691, quoting Nicholson v Scoppetta, 3 NY3d 357, 378). "Ultimately, the Family Court must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Matter of Audrey L. [Marina L.], 147 AD3d at 839). On appeal, this Court must assess whether the record provides a sound and substantial basis to support the Family Court's [*2]determination (see Matter of Alex A.E. [Adel E.], 103 AD3d 721, 722; see also Matter of Julissa B. [Navasia J.], 128 AD3d at 691; Matter of Alan C. [Thomas C.], 85 AD3d 912, 914).
Here, the record provides a sound and substantial basis for the Family Court's denial of the mother's application for the return of the subject child to her custody. The evidence demonstrated, inter alia, that the mother, despite having no source of income, refused to apply for public assistance as recommended by ACS, and she also refused to enroll the child in school or maintain health coverage. The evidence further showed that the mother failed to address or acknowledge the circumstances that led to the removal of the child and refused to acknowledge or seek treatment for her mental illness.
Under the circumstances of this case, we agree with the Family Court that returning the child to her mother's custody during the pendency of the neglect proceeding posed an imminent risk to the child's life or health (see Matter of Romeo O. [Sita P.-M.], 163 AD3d 574; Matter of Elijah G. [Chastity G.], 158 AD3d 762; Matter of Solomon W., 50 AD3d 912, 912-913; cf. Matter of Audrey L. [Marina L.], 147 AD3d at 840; Matter of Julissia B. [Navasia J.], 128 AD3d at 690).
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court