Matter of Saad A. (Umda M.) (2018 NY Slip Op 08292)





Matter of Saad A. (Umda M.)


2018 NY Slip Op 08292


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-10769
 (Docket No. N-17793-17)

[*1]In the Matter of Saad A. (Anonymous). Administration for Children's Services, petitioner-respondent; Umda M. (Anonymous), appellant, et al., respondent.


Michele Cortese, New York, NY (Claibourne Henry of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Jonathan A. Popolow of counsel), for petitioner-respondent.
The Legal Aid Society, New York, NY (Dawne Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated October 11, 2017. The order, insofar as appealed from, after a hearing, denied that branch of the parents' application which was pursuant to Family Court Act § 1028 for the return of the subject child to the mother's custody.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and that branch of the parents' application which was pursuant to Family Court Act § 1028 for the return of the subject child to the mother's custody is granted.
The petitioner commenced this neglect proceeding pursuant to Family Court Act article 10 against the parents of the subject child, and made an application for removal pursuant to Family Court Act § 1027. The Family Court granted the petitioner's application, and the parents applied pursuant to Family Court Act § 1028 for the return of the child to their custody pending the outcome of the neglect proceeding. After a hearing, the Family Court denied the parents' application. The mother appeals.
Although it is undisputed that the child has since been returned to his parents' care, the mother's appeal is not academic, as the child's removal created a permanent and significant stigma (see Matter of Emmanuela B. [Jean E.B.], 147 AD3d 935, 935; Matter of C. Children, 249 AD2d 540, 540).
"An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed shall be granted unless the court finds that the return presents an imminent risk to the child's life or health'" (Matter of Audrey L. [Marina L.], 147 AD3d 838, 839, quoting Family Ct Act § 1028[a]). The court must "weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (Nicholson [*2]v Scoppetta, 3 NY3d 357, 378; see Matter of Essence R. [Ebony B.R.], 158 AD3d 806, 806). "The court must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests'" (Matter of Essence R. [Ebony B.R.], 158 AD3d at 806 quoting Nicholson v Scoppetta, 3 NY3d at 378).
Here, the record fails to provide a sound and substantial basis for the Family Court's determination (see Matter of Alan C. [Thomas C.], 85 AD3d 912, 913-914). Any concerns that the parents' substantial efforts to safety-proof their home were inadequate and subjected the child to possible risk of ingesting harmful substances did not amount to an imminent risk to the child's life or health that could not have been mitigated by reasonable efforts to avoid removal. This is especially so under the circumstances of this case, where the petitioner had been directed to assist the family in safety-proofing the home and failed to do so (see Matter of Emmanuela B. [Jean E.B.], 147 AD3d at 935; Matter of Baby Boy D. [Adanna C.], 127 AD3d 1079, 1080; Matter of Jeremiah L., 45 AD3d 771, 771-772). Additionally, the mother presented evidence at the hearing establishing that she had taken substantial measures to safety-proof the home after the child was removed, and had taken the child to the doctor and dentist. Therefore, the evidence did not establish that the return of the child posed an imminent risk to his life or health, since the offending circumstances had been remedied (see Matter of Alyssa S., 296 AD2d 462, 463).
Accordingly, that branch of the parents' application which was pursuant to Family Court Act § 1028 for the return of the child to the mother's custody pending resolution of the neglect proceeding should have been granted.
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court