Matter of Cheryl P. (Ayanna M.) (2019 NY Slip Op 00602)





Matter of Cheryl P. (Ayanna M.)


2019 NY Slip Op 00602


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-04728
 (Docket No. N-505-17)

[*1]In the Matter of Cheryl P. (Anonymous). Orange County Department of Social Services, respondent; Ayanna M. (Anonymous), appellant.


Samuel S. Coe, New City, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Peter R. Schwarz of counsel), for respondent.
Andrew W. Szczesniak, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated March 7, 2017. The order, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody.
ORDERED that the order is affirmed, without costs or disbursements.
On February 6, 2017, the Orange County Department of Social Services commenced this proceeding against the mother alleging that she had neglected the then 14-year-old subject child. Specifically, the petition alleged that the mother failed to address the child's serious mental health needs and that she physically disciplined the child in an excessive manner such that the child felt unsafe in her home. The mother initially consented, pursuant to Family Court Act § 1021, to the temporary removal of the child from her custody. Thereafter, pursuant to Family Court Act § 1028, the mother sought the return of the child to her custody, and a hearing was held on her application. Following the hearing, in an order dated March 7, 2017, the Family Court denied the mother's application for the return of the child to her custody. The mother appeals.
Although the child was subsequently returned to the mother's custody and the petitioner withdrew the neglect petition, the appeal is not academic, as the underlying finding of imminent risk to the child's life or health in the event she was returned to the mother at the time the order was made constitutes a permanent and significant stigma that might indirectly affect the mother's status in potential future proceedings (see Matter of Saad A. [Umda M.], _____ AD3d _____ , 2018 NY Slip Op 08292 [2d Dept 2018]; Matter of Emmanuela B. [Jean E.B.], 147 AD3d 935; Matter of C. Children, 249 AD2d 540).
"An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed shall be granted unless the court finds that the return presents an imminent risk to the child's life or health'" (Matter of Audrey L. [Marina L.], 147 AD3d 838, 839, [*2]quoting Family Ct Act § 1028[a]). The Family Court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (Nicholson v Scoppetta, 3 NY3d 357, 378). "Ultimately, the Family Court must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests'" (Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691, quoting Nicholson v Scoppetta, 3 NY3d at 378). "On appeal, this Court must assess whether the record provides a sound and substantial basis to support the Family Court's determination" (Matter of Chloe W. [Tara W.], 165 AD3d 681, 682).
Here, the record provides a sound and substantial basis for the Family Court's denial of the mother's application for the return of the child to her custody. The evidence demonstrated, inter alia, that there had been physical altercations between the mother and the child and that the mother failed to ensure that the child took the medications prescribed for treatment of her mental health issues.
Under the circumstances of this case, we agree with the Family Court that returning the child to the mother's custody during the pendency of the neglect proceeding posed an imminent risk to the child's life or health (see id. at 682).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court