Matter of Brycyn W. (Alexis W.) (2024 NY Slip Op 04207)

Matter of Brycyn W. (Alexis W.)

2024 NY Slip Op 04207

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2023-05865
 (Docket No. N-4076-23)

[*1]In the Matter of Brycyn W. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Alexis W. (Anonymous), appellant, et al., respondent.

Legal Services of the Hudson Valley (Joanne N. Sirotkin, Lauren Norberto, and Proskauer Rose LLP, New York, NY [Michelle K. Moriarty and William C. Silverman], of counsel), for appellant.
John M. Nonna, County Attorney, White Plains, NY (Justin R. Adin, Jason S. Whitehead, and Alida L. Marcos of counsel), for petitioner-respondent.
Edward G. Lammers, Tarrytown, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Westchester County (Mary Anne Scattaretico-Naber, J.), dated June 12, 2023. The order, after a hearing, granted the petitioner's application pursuant to Family Court Act § 1027 to remove the subject child from the custody of the mother and place the child in the custody of the petitioner pending the outcome of the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this neglect proceeding pursuant to Family Court Act article 10 against the parents of the subject child and made an application pursuant to Family Court Act § 1027 to remove the child from the custody of the mother and place the child in the custody of the petitioner pending the outcome of the proceeding. After a hearing, the Family Court granted the application and placed the child in the custody of the petitioner pending the outcome of the neglect proceeding. The mother appeals.
Although it is undisputed that the child has been returned to the mother's care, the mother's appeal is not academic. The child's removal created a permanent and significant stigma (see Matter of Emmanuela B. [Jean E.B.], 147 AD3d 935; Matter of Jesse J., 64 AD3d 598; Matter of C. Children, 249 AD2d 540).
The Family Court properly granted the petitioner's application for the temporary removal of the child from the custody of the mother and placed him in the custody of the petitioner pursuant to Family Court Act § 1027. "[O]nce a child protective petition has been filed, Family Court Act § 1027(a)(iii) authorizes the court to conduct a hearing to determine whether the child's interests require protection, including whether the child should be removed from his or her parent" [*2](Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 204 [internal quotation marks omitted]). Following such a hearing, temporary removal is authorized only where the court finds it necessary "to avoid imminent risk to the child's life or health" (Nicholson v Scoppetta, 3 NY3d 357, 376; see Family Ct Act § 1027[b][i]). In determining a temporary removal application, "[the] court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal," and it must "balance that risk against the harm removal might bring, and . . . determine . . . which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d at 378; see Matter of Jorge T. [Christine S.], 157 AD3d 800, 800-801). Since the court has the advantage of viewing the witnesses and assessing their character and credibility, its determination in this regard should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Jorge T. [Christine S.], 157 AD3d at 801; Matter of David Edward D., 35 AD3d 856; Matter of Jennifer R., 29 AD3d 1003, 1004).
Here, there is a sound and substantial basis in the record supporting the finding of the Family Court that the child would be subject to imminent risk if he were to remain in the mother's care and that the risk could not be mitigated by actions other than removal (see Matter of Riley P. [Raymond S.], 171 AD3d 757, 758-759; Matter of Luna V. [Natasha V.], 163 AD3d 689; Matter of Sara A. [Ashik A.], 141 AD3d 646; see also Matter of Grace F. [Nicole F.], 144 AD3d 680).
The mother's remaining contention is without merit.
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court