Matter of Cali C. (Cory C.) (2025 NY Slip Op 07299)

Matter of Cali C. (Cory C.)

2025 NY Slip Op 07299

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
SUSAN QUIRK, JJ.

2024-04095
 (Docket Nos. N-3562-24, N-3564-24)

[*1]In the Matter of Cali C. (Anonymous). Administration for Children's Services, petitioner- respondent; Cory C. (Anonymous), appellant, et al., respondents. (Proceeding No. 1.)
In the Matter of Tori C. (Anonymous). Administration for Children's Services, petitioner- respondent; Cory C. (Anonymous), appellant, et al., respondents. (Proceeding No. 2.)

Cory C., Laurelton, NY, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jeremy W. Shweder and Lauren L. O'Brien of counsel), for petitioner-respondent.
Leighton M. Jackson, New York, NY, attorney for the child Cali C.
Twyla Carter, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child Tori C.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated April 25, 2024. The order, insofar as appealed from, after a hearing, denied the father's application pursuant to Family Court Act § 1028 for the return of the subject children to his custody.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother and father abused the subject children based on allegations that the subject children's eight-month-old sibling died while in the parents' care and that toxicology results revealed the presence of cocaine in the infant's body at the time of death. The subject children were removed from the parents' care. The father made an application pursuant to Family Court Act § 1028 for the return of the subject children to his custody. In an order dated April 25, 2024, the Family Court, after a hearing, among other things, denied the application. The father appeals. We affirm.
"An application pursuant to Family Court Act § 1028(a) for the return of a child who [*2]has been temporarily removed shall be granted unless the court finds that 'the return presents an imminent risk to the child's life or health'" (Matter of Audrey L. [Marina L.], 147 AD3d 838, 839, quoting Family Ct Act § 1028[a]). "In a proceeding for removal of a child, the Family Court 'must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal'" (Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691, quoting Nicholson v Scoppetta, 3 NY3d 357, 378). "Ultimately, the Family Court must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Matter of Audrey L. [Marina L.], 147 AD3d at 839). On appeal, this Court must assess whether the record provides a sound and substantial basis to support the Family Court's determination (see Matter of Julissia B. [Navasia J.], 128 AD3d at 691).
Here, there is a sound and substantial basis in the record for the Family Court's determination that the return of the subject children to the father's custody would present an imminent risk to the subject children and that the risk could not be mitigated by reasonable efforts to avoid removal (see Matter of Nazir A.F. [Deja N.B.], 236 AD3d 910).
The father's remaining contentions are without merit.
Accordingly, the Family Court properly denied the father's application pursuant to Family Court Act § 1028 for the return of the subject children to his custody.
BARROS, J.P., CHAMBERS, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court