Matter of Saint B. (Lakisha B.) (2026 NY Slip Op 01784)

Matter of Saint B. (Lakisha B.)

2026 NY Slip Op 01784

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-01399
 (Docket No. N-1849-25)

[*1]In the Matter of Saint B. (Anonymous). Administration for Children's Services, appellant; Lakisha B. (Anonymous), respondent.

Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and Eva L. Jerome of counsel), for appellant.
Brian Holbrook, Brooklyn, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel),
attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Jacqueline B. Deane, J.), dated February 5, 2025. The order, after a hearing, denied the petitioner's application pursuant to Family Court Act § 1027 to remove the subject child from the custody of the mother and continue the subject child's placement in the petitioner's custody pending the outcome of the proceeding. By decision and order on motion dated March 14, 2025, this Court, inter alia, stayed enforcement of the order and continued the subject child's placement in the petitioner's custody, pending hearing and determination of the appeal.
ORDERED that order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the petitioner's application pursuant to Family Court Act § 1027 to remove the subject child from the custody of the mother and continue the subject child's placement in the petitioner's custody pending the outcome of the proceeding is granted.
The petitioner commenced this proceeding pursuant to Family Court Act article 10 against the mother, alleging, inter alia, that the subject child was a neglected child based on the mother's previous adjudications of neglect of her other children and the mother's failure to benefit from services provided to her in those prior proceedings. The petitioner made an application pursuant to Family Court Act § 1027 to remove the subject child from the custody of the mother and continue the child's placement in the petitioner's custody pending the outcome of the proceeding. In an order dated February 5, 2025, after a hearing, the Family Court denied the petitioner's application.
The petitioner appeals. By decision and order on motion dated March 14, 2025, this Court, inter alia, stayed enforcement of the order and continued the child's placement in the petitioner's custody, pending hearing and determination of the appeal.
"[O]nce a child protective petition has been filed, Family Court Act § 1027(a)(iii) authorizes the court to conduct a hearing to determine whether the child's interests require protection, including whether the child should be removed from his or her parent" (Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 204 [internal quotation marks omitted]; see Matter of Brycyn W. [Alexis W.], 230 AD3d 589, 589). Following such a hearing, temporary removal is [*2]authorized only where the court finds it necessary "to avoid imminent risk to the child's life or health" (Nicholson v Scoppetta, 3 NY3d 357, 376; see Family Ct Act § 1027[b][i]). In determining a temporary removal application, the "court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal," and it must "balance that risk against the harm removal might bring, and . . . determine . . . which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d at 378; see Matter of Brycyn W. [Alexis W.], 230 AD3d at 590; Matter of Jorge T. [Christine S.], 157 AD3d 800, 800-801). The court's determination will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Brycyn W. [Alexis W.], 230 AD3d at 590; Matter of Jorge T. [Christine S.], 157 AD3d at 801).
The Family Court's determination denying the petitioner's application lacked a sound and substantial basis in the record (see Matter of Audrey L. [Marina L.], 147 AD3d 838, 840). The petitioner presented evidence of the mother's previous adjudications of neglect of her other children, involving separate proceedings commenced in 2020 and 2024. Those adjudications were all based, in part, on excessive corporal punishment. Her four children who were the subject of the proceedings commenced in 2024 remained in foster care, and her oldest child was directly placed with that child's paternal grandmother in the proceedings commenced in 2020, where she remained. While the mother did complete certain services that the court directed her to complete in the proceedings commenced in 2024, including an anger management course, the evidence established that the mother failed to benefit from those services or gain insight into the issues underlying her previous adjudications of neglect (see Matter of Tatih E. [Keisha T.], 168 AD3d at 936; Matter of Audrey L. [Marina L.], 147 AD3d at 840).
Accordingly, the Family Court should have granted the petitioner's application pursuant to Family Court Act § 1027 to remove the subject child from the custody of the mother and continued the child's placement in the petitioner's custody pending the outcome of the proceeding.
LASALLE, P.J., CONNOLLY, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court